**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JODY M. BROOKS,**

    **Plaintiff,**

                                 **CASE No. 2:12-CV-434**

    **V.**                                   **JUDGE GREGORY L. FROST**
                                         **Magistrate Judge Mark Abel**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    **Defendant.**

## ORDER

In a June 28, 2013 Order, the Court remanded this case for consideration of new and material evidence. This matter is now before the Court on Plaintiff's August 22, 2014 unopposed motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 22.)

Under the EAJA, 28 U.S.C. § 2412(d)(1)(A):

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

When an award is also made under 42 U.S.C. § 406(b)(1), an EAJA award reimburses the plaintiff for the fees she paid her attorney under § 406(b)(1). *Meyers v. Heckler*, 625 F. Supp. 228, 231 (S.D. Ohio 1985). A prevailing plaintiff is entitled to recover attorney's fees from the government unless the government shows that its litigation position was substantially justified.

1

*Sigmon Fuel Co. v. Tenn. Valley Auth.*, 754 F.2d 162, 166 (6th Cir. 1985).

The Commissioner bears the burden of demonstrating that her position was substantially justified. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd*, 176 F.3d 875, 878 (6th Cir. 1999). The test for determining when the government's litigation position is substantially justified was set out by the United States Court of Appeals for the Sixth Circuit in *Trident Marine v. Corps of Engineers*, 766 F.2d 974 (6th Cir. 1985):

> Whether or not the government's position is substantially justified is basically a question of reasonableness. *Wyandotte Savings Bank v. NLRB*, 682 F.2d 119, 1200 (6th Cir. 1982). "The government must therefore show that there is a reasonable basis in truth for the facts alleged in the pleading; that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced." *United States v. 2,116 Boxes of Boned Beef*, 762 F.2d at 1487.

*Id.* at 980. Here the Court finds that the Commissioner's position was not substantially justified.

Accordingly, the Court **HOLDS** that plaintiff's August 22, 2014 motion for fees under the EAJA is meritorious and **GRANTS** the motion (ECF No. 22.) Plaintiff is **AWARDED** attorney fees in the amount of $5,474.00.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost  
**GREGORY L. FROST**  
**UNITED STATES DISTRICT JUDGE**